[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
A summary judgment may be granted under 384 of the Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317. The test as to whether a summary judgment should be granted is the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; State v. Goggin, 208 Conn. 606, 616. When reviewing a defendant's motion for summary judgment, the court is limited to deciding whether an issue of fact exists, but it cannot determine that issue if it does exist. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 377. The motion is not well adapted to cases of a complex nature. Id, 375.
The volume of paper submitted by the defendant in support of the motion shows that this case, at least as to the first count, is CT Page 9333 not so clear cut as the defendant contends. It apparently was not obvious to the defendant's agents either, as they took several years to deny this claim. The denial of benefits was based upon a clause in the group master contract which provides: "Inpatient/drug abuse only — a member may have in-patient care benefits for: (a) Detoxification; (b) medical treatment; and (c) referral services for drug abuse or addiction. Prolonged rehabilitation services in a specialized in-patient or residential facility are not covered."
An ambiguity in the contract would be resolved against the defendant, following the customary rule for insurance contracts. Implicit in the coverage provision is the fact that some drug abuse treatment is covered by the policy unless it amounts to "prolonged rehabilitation services in a specialized in-patient or residential facility." The benefits claimed by the plaintiff here against this defendant are only for the period commencing November 1, 1987 and ending January 13, 1988. It is unclear from the clause in the contract whether the defendant can tack on drug rehabilitation services for a prior period covered by a different insurer. Moreover, "prolonged rehabilitation services" is not defined in the contract. There is a question of fact whether the period of treatment here in this case is under the definition. In addition, the record is too complicated for the court to determine whether the treatment for the applicable period was solely rehabilitation services. This must be determined in the context of the policy provision, which itself presents a mixed question of law and fact.
The second and third counts are based on 29 U.S.C. § 1133. That statute requires adequate written notice to be given for denial of benefits to claimants under an employee benefit plan, with specific, written reasons which can be understood by the claimant. The statute does not have any time limit for denial of claims as long as there is a reasonable opportunity for review of the denial of the claim. The written notice, filed as an exhibit on the motion for summary judgment, adequately gives reasons for the denial of benefits, and there is no evidence in the record that the plaintiff was denied a review of denial of the claim. The plaintiff has also failed to identify any statute or case law that gives him the right to recover damages for noncompliance with the procedural requirements of ERISA. The plaintiff is entitled to recover benefits under due the plan under 29 U.S.C. § 1132, which is the claim in the first count of the complaint.
The motion for summary judgment is denied as to the first CT Page 9334 count but granted as to the second and third counts of the complaint.
ROBERT A. FULLER, JUDGE